IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:19-MJ-1197-RJ-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER ON PROBABLE CAUSE |
| | ) | AND DETENTION |
| | ) | |
| SHAHAUN JAQUIM JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court for a preliminary hearing on charges contained in a

criminal complaint against Defendant and for a hearing on the government's motion, pursuant to 18

U.S.C. § 3142(f), to detain Defendant pending further proceedings. On October 24, 2019,

Defendant was charged in a criminal complaint for possession with intent to distribute a quantity of

methamphetamine in excess of 5 grams, in violation of 21 U.S.C. § 841(a)(1), and for driving while

under the influence of an impairing substance, in violation of N.C. Gen. Stat. § 20-138.1, as

assimilated under 18 U.S.C. § 13. *See* Crim. Compl. [DE-1].

At the hearing the government presented the testimony of Naval Criminal Investigative

Service (NCIS) Special Agent Dexter Bailey. Defendant, represented by counsel, did not present

evidence or witnesses. The court has considered the hearing testimony, corroborative of the affidavit

in support of the complaint, as well as the pretrial services report ("PTSR"), which was prepared by

the Office of Pretrial Services and made available to the parties in advance of the hearing. The court

finds Detective Bailey's testimony to be credible and sufficient to establish probable cause to support

the charges contained in the criminal complaint.

Having considered the record pursuant to 18 U.S.C. § 3142(g), the law requires that

Defendant be detained pending further proceedings on the grounds that he represents a risk of non-appearance and a risk of danger to the community based on the following principal findings and reasons: (1) the nature of the offense charged and the strength of the government's case; (2) the Defendant's criminal history, including committing offenses while on probation, as well as pending charges allegedly committed while on bond, the nature of which are similar to the instant charges, (3) Defendant's apparent substance abuse, (4) the lack of a third-party custodian and articulated release plan, and (4) for other findings and reasons stated in open court.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility must deliver Defendant to the United States Marshals for a court appearance.

So ordered, the 31st day of October 2019.

Robert B. Jones, Jr.
United States Magistrate Judge

2